# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| WANDA DEMARS, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| vs. | |
| DMO AUTO ACQUISITIONS LLC D/B/A DAN O'BRIEN KIA, a New Hampshire Limited Liability Company, | |
| *Defendant*. | |

Wanda Demars ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief against DMO Auto Acquisitions LLC d/b/a Dan O'Brien Kia ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff brings this Complaint to stop Defendant's practice of making unsolicited robocalls using a pre-recorded voice to the telephones of consumers nationwide, and to obtain redress for all persons injured by Defendant's conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Beginning on or about March 30, 2019, Defendant placed pre-recorded robocalls to Plaintiff's landline telephone.

2. Defendant left pre-recorded messages on Plaintiff's voicemail system.

3. The following are screenshots of the voicemails that were left in Plaintiff's voicemail box:




4.  Plaintiff never provided consent to be called by Defendant using a pre-recorded voice.

5.  Plaintiff has been registered with the national do-not-call registry since August 28, 2013.

6.  The unlawful calls placed to Plaintiff are part of Defendant's pattern or practice of calling consumers on their landline and cellular telephones using a pre-recorded voice who have no direct relationship with Defendant and who are not the proper subjects of the calls.

7.  Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant's campaign of unlawful conduct also includes the use of an artificial and prerecorded voice.

8.  By making these automated and autodialed calls, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

9.  Moreover, a number of the calls, including the call to Plaintiff, were made while Plaintiff and other members of the Classes were at home, thus intruding upon the sanctity and privacy of their homes.

10. Upon information and belief, Defendant has made and continues to make similar calls to consumers without prior authorized consent. In so doing, Defendant not only invaded

the personal privacy of Plaintiff and members of the putative Classes, but also repeatedly violated the TCPA.

11. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit on behalf of herself and the putative Classes and seeks an injunction requiring Defendant to cease its TCPA violations, adequately ensure that it is only calling numbers that are in fact associated with persons from whom it has received prior express consent, and pay statutory damages to the members of the Classes under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

12. Plaintiff Wanda Demars is, and at all times mentioned herein was, a resident of Rockingham County, New Hampshire, and a citizen of the New Hampshire.

13. Defendant DMO Auto Acquisitions LLC d/b/a Dan O'Brien Kia is an automotive dealership. Defendant is organized and incorporated under the laws of New Hampshire and maintains, and at all times mentioned herein maintained, its corporate headquarters at 158 Manchester St, Concord, NH 03301. Defendant is a "person" as defined by 47 U.S.C. § 153(39)

14. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

16. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District.

17. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and all other persons similarly situated.

19. Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> "All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated."

20. Plaintiff also proposes the following "Do Not Call Registry Class" definition:

> "All persons in the United States who from four years prior to the filing of this action (1) were sent a prerecorded message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff."

21. Collectively, the Robocall Class and the Do Not Call Registry Class shall be known as the "Classes."

22. Plaintiff represents, and is a member of, these proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

23. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

24. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, wasted time spent answering these calls, and violations of their statutory rights.

25. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

26. The proposed Classes can be easily identified through records maintained by Defendant.

27. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made calls to Plaintiff and the Classes using an ATDS and/or an artificial or prerecorded call without their prior express written consent;

6

  b. Whether Defendant's conduct was knowing and/or willful;

  c. Whether Defendant is liable for damages, and the amount of such damages; and

  d. Whether Defendant should be enjoined from engaging in such conduct in the future.

28. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received calls on their cellular or landline telephones and were not the intended recipient of those calls, nor did they consent to those calls.

29. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and he has no interests which are antagonistic to any member of the proposed Classes.

30. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

31. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA.

32. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

33. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because members of the Classes, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular or landline telephones.

34. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

35. Moreover, upon information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Classes.

38. Defendant made numerous unauthorized calls to Plaintiff's residential phone using an artificial or pre-recorded voice and/or an ATDS without prior express consent.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA.

40. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

42. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

43. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

44. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Classes.

45. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*. and 47 C.F.R. §64.1200, *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B) and (C).

47. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

48. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, et seq.

49. Plaintiff brings this claim against Defendant on behalf of herself, and members of the Do Not Call Registry Class.

50. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

52. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

53. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

54. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

10

55. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Classes the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

c. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Classes, finding that Plaintiff

is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

f. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: July 17, 2020

Respectfully submitted by:

Plaintiff,
WANDA DEMARS, individually and
on behalf of all others similarly situated,
By her counsel

/s/ Christopher M. Sacht
Christopher M. Sacht
N.H. Bar No. 14792
Jonathan M. Hixon (*pro hac vice* to be filed)
Massachusetts BBO # 692420
**HACKETT FEINBERG P.C.**
155 Federal Street, 9th Floor
Boston, MA 02110
Tel: (617) 422-0200
cms@bostonbusinesslaw.com
jmh@bostonbusinesslaw.com

/s/ Andrew J. Shamis
Andrew J. Shamis, Esq. (*pro hac vice* to be filed)
Florida Bar No. 101754
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 1205
Miami, FL 33132
Tel: (305) 479-2299
ashamis@shamisgentile.com

/s/ Scott Edelsberg
Scott Edelsberg, Esq. (*pro hac* vice to be filed)
Florida Bar No. 0100537
**EDELSBERG LAW, PA**
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Tel: (305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiff and the Proposed Class*